[Civ. No. 5935.   Third Appellate District.—November 26, 1937.]

FRIEND W. RICHARDSON, as Superintendent of Banks, etc., Respondent, v. DAVID P. ABERNATHY et al., Appellants.

630

Stewart & Stewart for Appellants.

Clock, McWhinney & Clock and Henry H. Clock for Respondent.

PULLEN, P. J. — In this action the Superintendent of Banks of the State of California brought an action to quiet title against Abernathy and others affecting certain real property in the county of Los Angeles. The real property here involved was alleged to be a part of the assets of the Belvedere State Bank, a banking corporation, which had been taken over by the Superintendent of Banks for the purpose of liquidation.

The answer denied the ownership of plaintiff and after a trial, judgment was rendered in favor of plaintiff, from which judgment David P. Abernathy has taken this appeal.

On January 16, 1933, the Ashmun Investment Company, a corporation, was the owner of the real property in question, and on that date mailed a grant deed to the special deputy Superintendent of Banks, who was directly in charge of the affairs of the Belvedere Bank, and who was acting under Edward Rainey, then the Superintendent of Banks in charge of liquidation of the Belvedere Bank, in liquidation.

After the mailing of the deed and prior to its recordation, David P. Abernathy and Rachael J. Abernathy, his wife, on March 5, 1934, recorded a judgment lien against the Ashmun Investment Company in the county wherein this property was situated. On April 30, 1934, the superior court made its order authorizing a compromise and directing the Superintendent of Banks to accept the conveyance of the real property as part of a compromise settlement. On January 26, 1935, this deed was placed on record by the Superintendent of Banks.

The question for determination is, therefore, did the deed of the Ashmun Investment Company to Superintendent of Banks become effective to convey title as against the rights of the judgment creditor of the grantor when it was mailed to the Superintendent of Banks or when the superior court made its order authorizing the compromise?

The Superintendent of Banks in this instance was acting under authority of the Bank Act. Section 136 of that act provides:

"Upon taking possession of the property and business of any such bank the superintendent of banks . . . shall collect all debts due and claims belonging to it, and, upon the order of the Superior Court, may sell or compound any bad or doubtful debt."

It is the contention of respondent, with which the trial court agreed, that the title passed upon the mailing of the deed, which act occurred some fifteen months prior to the court making its order authorizing and directing the composition and the acceptance of the deed, and more than a year prior to the recording of the judgment lien by Abernathy.

It is the claim of appellants that the mailing of the deed did not constitute a delivery but merely a tender, and that the deed did not become effective as such until the proposed compromise had been approved by the superior court.

■ It is true that one of the elements of conveying title is that there must be a delivery of the deed but there is another essential element which respondent does not consider, and that is, in addition to delivery by the grantor, there must also be an acceptance on the part of the grantee. 9 California Jurisprudence, page 150, states that "the law does not force a man to take title of real property against his will. Hence the assent of the grantee is necessary in order to make

a delivery effective and the deed operative as such'', citing many cases.

That neither the deputy superintendent 'of banks nor the corporation considered that title had passed when the deed was mailed is evidenced by the fact that the petition filed by the Bank Superintendent for compounding the debt wherein authority was sought to accept the deed, stated: ''The said Ashmun Investment Company is the owner of the real property hereinafter described . . . and has offered to convey said real property and to assign the said claims to your petitioner, provided that your petitioner will accept the same, in full satisfaction and discharge.

''Your petitioner is informed and believes, . . . that it would be to the advantage . . . of said bank . . . that said offer of said Ashmun Investment Company be accepted and consummated.

''Wherefore your petitioner prays for an order of this court authorizing and directing your petitioner to accept conveyance of the real property. . . . ''

And upon the hearing of this petition the court made its order by which the court adjudicates, ''That the said Ashmun Investment Company is the owner of the real property hereinafter described . . . ; and that the said Ashmun Investment Company has offered to convey the said real property. . . .

''Now, therefore, it is hereby ordered, . . . that this court make its order authorizing, empowering and directing your petitioner to accept conveyance of said real property. . . . ''

It is very clear from a reading of section 136 of the Bank Act that the Superintendent of Banks is given no power to compromise debts and accept assets in lieu of such debts except ''upon the order of the Superior Court'', and that this provision of the act was fully recognized is evidenced by the foregoing petition of the Superintendent of Banks.

So, too, the intention of the parties is not alone controlling. In the case of *Bank of Healdsburg* v. *Bailhache,* 65 Cal. 327 [4 Pac. 106], Mrs. Bailhache attempted to settle an overdraft of her husband, who was cashier of the bank, upon the basis of a conveyance to the bank by her of her separate property. This offer was acceptable to certain of the directors as individuals, but the court held that the minds of the grantor and the grantee never met upon the question of the

execution of the deed, for the board of directors, by resolution or otherwise, never authorized a settlement with the cashier upon the basis proposed by Mrs. Bailhache.

Another indication that the Bank Superintendent did not consider the property as belonging to the bank is that by the record of the assets of the bank no such assets were listed as the real property here in question prior to the making of such order of the court.

It must be conceded that it rested with the Superintendent of Banks as to whether or not he would ever ask the court for authority to make a compromise, and after that it rested within the discretion of the court as to whether it would grant such authority if asked, and there was nothing the corporation could do to compel either application to the court for compromise or to require the court to approve the same.

Neither was the authority given by the court to accept the deed retroactive, whereby the rights of third parties might be affected. In the case of *Taylor* v. *Robinson,* 14 Cal. 396, considering the retroactive effect of a transaction such as this, it was held that a ratification did not operate retroactively, so as to overreach and defeat those claims where third parties had acquired rights after the act was done but before it has received the sanction of the principal.

We are, therefore, forced to the conclusion that respondent was tendered an offer of compromise which did not become effective until reviewed and approved by the court, and that the recording of a judgment lien between the date of the tender and the time of ratification was good as against the claim of the bank and the corporation.

The judgment from which this appeal is taken must therefore be reversed, and the court directed to enter judgment that respondent holds title to the real property subject to the lien of appellant's judgment of record, and it is so ordered.

Plummer, J., and Thompson, J., concurred.